IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS STARK, | ) | 8:09CV338 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Dennis Stark's ("Stark") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 9), Brief on the merits of the Petition (filing no. 16), and relevant State Court Records (filing no. 8). Stark filed a Brief on the merits of his Petition. (Filing No. 17.) This matter is therefore deemed fully submitted, and, as set forth below, the Petition is dismissed with prejudice.

## I.   BACKGROUND

On October 13, 2003, a jury found Stark guilty of one count of first degree murder and one count of use of a deadly weapon to commit a felony. (Filing No. 8-8, Attach. 8, at CM/ECF p. 39.) The Douglas County, Nebraska District Court thereafter sentenced Stark to serve a prison term of life on the first degree murder conviction and 15-20 years on the use of deadly weapon count, to be served consecutively. (*Id.* at CM/ECF p. 43.) Stark's counsel did not file a timely appeal. However, because Stark's trial counsel failed to timely perfect a direct appeal, the Douglas County District Court granted post-conviction relief in the form of reinstating Stark's direct appeal on January 12, 2005. (*Id.* at CM/ECF pp. 45-46.) The Nebraska Supreme Court thereafter affirmed Stark's convictions and sentences in a detailed opinion issued on July 28, 2006. (Filing No. 8-1, Attach. 1, at CM/ECF pp. 1-9.)  Stark filed a motion for rehearing, which the Nebraska Supreme Court

overruled on September 18, 2006. (Filing No. 8-3, Attach. 3, at CM/ECF p. 2.)

Stark filed a "2nd Verified Motion for Postconviction Relief" ("Second Post Conviction Motion") in the Douglas County District Court on September 18, 2008. (Filing No. 8-9, Attach. 9, at CM/ECF pp. 18-25.) The Douglas County District Court denied the Second Post Conviction Motion, and Stark filed a timely appeal of that decision. (*Id.* at CM/ECF pp. 1, 48-56.) The Nebraska Court of Appeals dismissed that appeal on April 22, 2009, because Stark failed to comply with that court's procedural rules. (Filing No. 8-2, Attach. 2, at CM/ECF p. 1; Filing No. 8-4, Attach. 4, at CM/ECF p. 2.)

Stark filed his Petition in this court on September 23, 2009. (Filing No. 1.) Respondent thereafter filed his Answer and Brief on the merits of the Petition, arguing that Stark's Petition is barred by the relevant statute of limitations and that his claims are procedurally defaulted. (Filing No. 16.) In opposition, Stark argues that his claims are not procedurally defaulted, but does not address the statute of limitations issue. (Filing No. 17.)

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* *Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on October 26, 2006, 90 days after July 28, 2006, the date on which Stark's direct criminal appeal became final. *See, e.g.*, *Riddle,* 523 F.3d at 852 (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court

3

expires); Sup. Ct. R. 13 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Stark filed his Second Post Conviction Motion on September 18, 2008. (Filing No. 8-9, Attach. 9, at CM/ECF pp. 18-25.) Thus, 693 days passed between the conclusion of direct review and the filing of the Second Post Conviction Motion. As set forth above, the limitations period was tolled from September 18, 2008, until the conclusion of Stark's appeal relating to his Second Post Conviction Motion.

The limitations period began to run again on July 21, 2009, 90 days after April 22, 2009, the date on which Stark's appeal relating to the Second Post Conviction Motion became final. (Filing No. 8-2, Attach. 2, at CM/ECF p. 1; Filing No. 8-4, Attach. 4, at CM/ECF p. 2.) Stark did not file his Petition in this court until September 23, 2009. (Filing No. 1.) Thus, an additional 64 days passed between the conclusion of Stark's post-conviction appeal and the filing of the Petition in this court. Together, a total of 757 days, or more than two years, elapsed between the conclusion of direct review and the filing of the Petition. In light of this, the court finds that Stark's Petition was not timely filed.

### B.     Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, Riddle v. Kemna, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting Jihad v. Hvass, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted

4

statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Even with the most liberal construction, Stark does not address the issue of equitable tolling in his Brief on the merits of the Petition. (Filing No. 17.) Thus, there is nothing in the record showing that Stark pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Stark's way of timely filing his Petition. The court finds that equitable tolling does not apply and Stark's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). In light of this finding, the court need not address Respondent's other arguments for dismissal.

IT IS THEREFORE ORDERED that:

1. Petitioner Dennis Stark's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice. Petitioner's Motion for Direct Verdict (filing no. 26) is denied.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of August, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.